# ORIGINAL CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CONTINENTAL MICRONESIA, INC.
401(K) SAVINGS PLAN

## DEFENDANTS

**04-00032**

ELMA TMECHERUR and MADELINE RUBASCH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **CNMI**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David Ledger, Esq.
CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910

ATTORNEYS (IF KNOWN)

Unknown at this time.

## II. BASIS OF JURISDICTION (PLACE AN "X" IN BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY) — COMPLAINT FOR INTERPLEADER (ERISA)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Tort Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. §1132

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE Jun 29, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**RECEIVED**
JUN 30 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ORIGINAL ● ●



FILED
DISTRICT COURT OF GUAM

JUN 3 0 2004

MARY L. M. MORAN
CLERK OF COURT

CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CONTINENTAL MICRONESIA, INC.<br>401(K) SAVINGS PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>ELMA TMECHERUR and<br>MADELINE RUBASCH,<br><br>Defendants. | CIVIL CASE NO. **04-00032**<br><br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff Continental Micronesia, Inc. 401(k) Savings Plan ("the Plan") alleges as

follows:

### PARTIES

1.  Plaintiff is an employee benefit plan, as defined in Section 3(3) of the

Employee Retirement Income Security Act of 1974, as amended, which is administered in

Tamuning, Guam.

2.  Defendants Madeline Rubasch and Elma Tmecherur are individuals

seeking benefits under the Plan. Madeline Rubasch resides in Koror, Palau, Elma Tmecherur

resides in Saipan, Commonwealth of the Northern Mariana Islands.

## JURISDICTION AND VENUE

3.      This action arises under section 502(a)(3)(B)(ii) of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii).

4.      The Court has jurisdiction over all causes of action asserted herein pursuant to the provisions of section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

5.      Venue of this action is proper in the Territory of Guam pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the plan is administered in Guam.

6.      The Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties under section 502(f) of ERISA, 29 U.S.C. § 1132(f) and 28 U.S.C. 1331.

## FACTS

7.      Markey Melelm, deceased (the "Decedent"), was a participant in the Plan (the "Plan") and his beneficiary is his "wife."

8.      Decedent died on March 15, 2002.

9.      On May 14, 2002, Madeline Rubasch completed a Final Distribution Form to collect the benefits of Decedent's interest in the Plan.

10.      Subsequently, Elma Tmecherur likewise completed a Final Distribution Form to collect the benefits of Decedent's interest in the Plan.

11.      Both Madeline Rubasch and Elma Tmecherur claim to have been married to Decedent on the date of his death.

12.      Elma Tmecherur submitted a certificate of marriage to establish she and Decedent were married December 6, 1990. Madeline Rubasch submitted a certificate of marriage to establish she and Decedent were married November 18, 1998.

13.    Madeline Rubasch submitted a court document dated August 12, 2003 declaring a divorce decree between Decedent and Elma Tmecherur. Elma Tmecherur claims that she and Decedent never divorced.

14.    Section 7.4.2 of the Plan document states that if a participant dies leaving a surviving spouse, the participant's Plan benefit shall be distributed to the participant's surviving spouse unless such spouse has consented, in writing witnessed by a notary public, to a distribution to some other beneficiary designated by the participant. "Surviving spouse" is defined by the Plan document as the spouse of a participant on the date of the participant's death. "Spouse" is defined by the Plan document as the person lawfully married to a participant.

15.    By reason of the uncertainty regarding the true identity of Decedent's "surviving spouse," Plaintiff does not know who is entitled to receive benefits under the Plan.

16.    The potential claims of Madeline Rubasch and Elma Tmecherur are adverse and conflicting. Plaintiff is unable to determine the validity of the conflicting claims and therefore is unable to determine whom it should pay.

17.    Plaintiff claims no interest in the Plan benefits due the surviving spouse of Decedent. Plaintiff is indifferent as to whom it should pay and cannot safely determine such for itself without risk of multiple liability.

18.    Plaintiff has at all times been willing to pay the Plan benefit to whichever party is lawfully entitled to receive it, and to whom Plaintiff could safely and without risk to itself pay the same.

19.    Plaintiff is not in collusion with either claimant or any other party touching the matters in controversy in this case.

20.    Plaintiff is not in any manner indemnified by either of the Defendants.

21.     Plaintiff has not brought this Complaint in Interpleader at the request of either Defendant but has filed this action of its own free will to avoid being subjected to double costs and liability and to avoid unnecessary suits.

22.     This action for interpleader is Plaintiff's only means of guarding against potential double liability and avoiding conflicting claims to the Plan benefit, in which it has no interest.

23.     Plaintiff requests an Order to Deposit Interplead Funds in an amount equal to the Plan benefit due the surviving spouse into an interest bearing account. Plaintiff will deposit the entire Plan benefit with the Clerk of this Court on the making of an order so directing, where said funds shall remain until further order of the Court.

24.     Plaintiff has incurred attorneys fees and costs as a result of these proceedings.

## **RELIEF**

WHEREFORE Plaintiff prays that the Court adjudge:

1.     That Defendants be ordered to either litigate or settle their respective rights to the Plan benefit.

2.     That Plaintiff be discharged from any and all liability on account of the claims of Defendants provided that Plaintiff pay into the Court or to the party designated by the Court the Plan benefit.

3.     That Defendants be restrained and permanently enjoined from instituting any action against Plaintiff for the recovery of any amounts arising from competing claims to the Plan benefit.

4.     That Plaintiff be awarded its costs and reasonable attorneys' fees in bringing this action.

5. That Plaintiff be awarded such further and other legal and equitable relief as the Court may deem proper.

DATED: Hagåtña, Guam, June 29, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan