ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan



FILED
DISTRICT COURT OF GUAM
SEP 27 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CONTINENTAL MICRONESIA, INC. 401(K) SAVINGS PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>ELMA TMECHERUR and MADELINE RUBASCH,<br><br>Defendants, | CIVIL CASE NO. 04-00032<br><br>MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID LEDGER |

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Continental Micronesia, Inc. 401(K) Savings Plan, by and through its Counsel, moves this Court for judgment by default in the above-entitled cause, and shows that the complaint in the above cause was filed in this court on June 30, 2004; the summons and complaint were duly served on defendants Elma Tmecherur and Madeline Rubasch on July 13, 2004 and July 30, 2004 respectively; no answer or other defense has been filed by defendants. Default was entered in the civil docket in the office of the clerk of this court on September 15, 2004; no proceedings have been taken by the defendants since the default was entered; and defendant is not in military service and is not an infant or incompetent as appears in the affidavit of David Ledger attached as Exhibit A.

4828-4489-3440.1.013280-00086

Wherefore, plaintiff moves that this Court make and enter a judgment that defendants be restrained and permanently enjoined from instituting any action against Plaintiff for the recovery of any amounts arising from competing claims to the Plan Benefit and that Plaintiff be awarded its costs and reasonable attorneys fees in bringing this action.

Finally, Plaintiff moves for an order depositing the remainder of the Plan Benefit into the registry of the Court to be deposited in an interest bearing account.

DATED this 24 day of September, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan

## MEMORANDUM OF POINTS AND AUTHORITIES

I. STATEMENT OF FACTS

On June 30, 2004, plaintiff Continental Micronesia, Inc. 401(K) Savings Plan, a Guam Corporation, sued defendants Elma Tmecherur and Madeline Rubasch, residents of the Republic of Palau and the Commonwealth of the Northern Marianas Islands (Saipan) respectively, in the District Court of Guam. The Complaint contained claims for relief from liability and request to pay 401(K) plan benefits into the registry of the Court. Defendants were served with a copy of the summons and complaint on July 13, 2004 and July 30, 2004 respectively.

On August 13, 2004, the clerk of court entered the Scheduling Notice requiring a Scheduling Order on September 13, 2004. However, because neither Defendant made an appearance in the case, a Request for Entry of Default was filed in lieu of the Scheduling Order.

Defendants have failed to answer or otherwise defend as to Plaintiff's complaint. Further, Defendants have failed to serve a copy of any answer or other defense, which they might have had, upon Carlsmith Ball LLP, attorney of record for Plaintiff. As Defendants' time has long expired, Plaintiff filed a request for entry of default with the clerk of this court on September 13, 2004. Default was entered in the civil docket in the office of the clerk of this court on September 15, 2004. Since entry of the default, defendants have done nothing by way of Answering or making an appearance in this case. As such, Plaintiff now requests this court enter judgment on the default and relieve Plaintiff's from liability of payment of the Plan Benefit by ordering Plaintiff to pay the Plan Benefit into the registry of the Court.

II. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55.

Federal Rule of Civil Procedure 55(b)(2) permits a court, following a default by defendant, to enter a final default judgment in a case. Under the rule, the party entitled to a judgment by default, here the Plaintiff, shall apply to the Court therefore. The Court has discretion in determining whether to grant or deny a motion for entry of default judgment. Draper v. Coombes, 792 F.2d 915, 924 (9th Cir.1986); Kingvision Pay-Per-View, Ltd. v. Rivers, 2000 WL 356378, *1 (N.D.Cal.2000). Further, Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to defend, prosecute, contempt of court, or litigation practices. These inherent powers enable the judiciary to function. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir.1987).

In determining whether to grant a motion for entry of default judgment, the Court may consider several factors. These factors include: (1) the risk of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sum of money at stake in the action, (4) public interest in expeditious resolution of litigation, (5) whether default was due to excusable neglect,

and (6) the policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.1986).

An evaluation of these factors weighs heavily in favor of entering default judgment against Defendants. More than 30 days has passed since Defendants were served with Plaintiff's Complaint. Additionally, Defendants have failed to take any action whatsoever in this case. As a result, this case has lingered on the Court's docket without any activity, clearly in violation of the public interest in expeditious resolution of litigation.

While the policy underlying the Federal Rules of Civil Procedure favor decision on the merits, entry of default judgment is frequently employed in cases similar to the instant matter. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977) (individual defendants failed to plead or defend); Automotive Industries Welfare Fund v. Jaynes and Co., 1993 WL 79620 (N.D.Cal.)(default entered for failure to appear or defend and judgment entered); Microsoft Corporation v. Wen, 2001 WL1456654 (N.D.Cal)(default judgment entered due to defendant's failure to meet deadlines, violation of procedural requirements, and disregard of Court Orders); McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000 (5th Cir. 1970) (default judgment entered due to defendant failure to answer or appear at pretrial conference).

In the interest of expeditious resolution of litigation, reducing the risk of prejudice to the plaintiff, and the Court's own desire to achieve disposition of this case, Plaintiff respectfully requests the Court enter default judgment against the Defendants prayed for in Plaintiff's complaint.

## III. PLAINTIFF IS ENTITLED TO THE RELIEF PRAYED FOR IN THE COMPLAINT.

Where default is granted, the scope of relief is limited. Under Federal Rules of Civil Procedure 54(c), "a judgment of default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment in the complaint." In Geddes v. United

Financial Group, 559 F.2d 557, 560 (9th Cir.1977), the Court held, "the general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Under Fed.R.Civ.P 55(b)(2), the court may conduct hearings or order such declarations and evidence as it deems necessary to determine the amount of damages in order to enable the court to enter judgment or carry it into effect.

In its complaint, Plaintiff prays to be discharged from any and all liability on account of the claims of Defendants provided that Plaintiff pay into the Court or the party designated by the Court the Plan Benefit. The Defendants be restrained and permanently enjoined from instituting any action against Plaintiff for the recovery of any amounts arising from competing claims to the Plan Benefit. That Plaintiff be awarded its costs and reasonable attorney's fees in bringing thus action. Therefore, the judgment of default would not be different in kind nor exceed the relief prayed for in Plaintiff's complaint.

## IV. CONCLUSION

Based upon all of the foregoing, Plaintiff respectfully requests this Court enter default judgment against Defendants as prayed.

DATED this ___ day of September, 2004.

CARLSMITH BALL LLP

*[signature]*
DAVID LEDGER
Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan

## DECLARATION OF DAVID LEDGER

I, DAVID LEDGER, state as follows:

1. I am one of the attorneys of record for Plaintiff.

2. Defendants have been served with the summons and complaint and default has been entered for failure to appear or defend. In fact, or about August 10, 2004, an Attorney from Micronesian Legal Services in Palau contacted me to discuss the Complaint on behalf of Madeline Rubasch.

3. Said defendants default was entered on September 15, 2004.

4. To the best of my knowledge, said defendants are neither minors, nor incompetent.

5. To the best of my knowledge, said defendants are not in military service.

6. Notice of the application for judgment has been given as required by Fed.R.Civ.P 55(b)(2).

7. The Plaintiff prayed in the complaint to be discharged from any and all liability on account of the claims of Defendants provided that Plaintiff pay into the Court or the party designated by the Court the Plan Benefit. That Defendants be restrained and permanently enjoined from instituting any action against Plaintiff for the recovery of any amounts arising from competing claims to the Plan Benefit. That Plaintiff be awarded its costs and reasonable attorney's fees in bringing this action.

///

///

///

///

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this _24_ day of September, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Plaintiff
Continental Micronesia, Inc.
401(K) Savings Plan