FILED
DISTRICT COURT OF GUAM

JUN 15 2005

MARY L.M. MORAN
CLERK OF COURT

21

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

CONTINENTAL MICRONESIA, INC. )       Civil Case No. 04-00032
401(K) SAVINGS PLAN, )
)
     Plaintiff, )
  vs. )
)
ELMA TMECHERUR and )      **FINDINGS OF FACT AND**
MADELINE RUBASCH, )      **RECOMMENDATIONS**
)
     Defendants. )

On March 18, 2005, the above-captioned matter came before the Court for a hearing on the Plaintiff's proposed Findings of Fact and Conclusions of Law as to the distribution of the decedent's benefit plan proceeds. Appearing at the hearing were Plaintiff's counsel J. Patrick Mason and defendant Elma Tmercherur, *pro se*.

Subsequent to the March 18, 2005 hearing, the Court directed the Plaintiff to obtain and file a certified copy of the court order confirming the divorce between the decedent and Ms. Tmercherur from the Court of Common Pleas, Republic of Palau. The Plaintiff filed the certified document with the Court on April 21, 2005. Accordingly, the Court hereby issues the following proposed Findings of Fact and Recommendations.

**FINDINGS OF FACT**

1.    This action arises under section 502(a)(3)(B)(ii) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3)(B)(ii).

2.    The Court has jurisdiction over this action pursuant to section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

3.    Plaintiff is an employee benefit plan (the "Plan"), as defined in Section 3(3) of ERISA,

1    which is administered in Tamuning, Guam.

2    4.    Defendants Madeline Rubasch and Elma Tmercherur are individuals seeking benefits

3          under the Plan. Ms. Rubasch resides in Koror, Palau. Ms. Tmercherur resides in Saipan,

4          Commonwealth of the Northern Mariana Islands.

5    5.    Marky Melelm (the "Decedent") was a participant in the Plan and died on

6          March 15, 2002. See Decl. A. Duenas (Docket No. 15) at ¶ 3 and Exhibit A thereto.

7    6.    The Decedent's beneficiary under the Plan was his "wife." See Decl. A. Duenas (Docket

8          No. 15) at ¶3 and Exhibit A thereto.

9    7.    Ms. Rubasch and Ms. Tmercherur each completed a Final Distribution Form to collect

10         the benefits of Decedent's interest in the Plan. See Decl. A. Duenas (Docket No. 15) at ¶6

11         and Exhibit D and E thereto.

12   8.    Both Ms. Rubasch and Ms. Tmercherur claimed to be married to Decedent at the time of

13         his death. Ms. Tmercherur submitted a certificate of marriage to establish that she and

14         Decedent were married on December 6, 1990. See Decl. A Duenas (Docket No. 15) at ¶6

15         and Exhibit D thereto. Ms. Rubasch submitted a certificate of marriage to establish she

16         and Decedent were married on November 18, 1998. Id., Exhibit E thereto.

17   9.    In addition, Ms. Rubasch submitted a court document from the Court of Common Pleas,

18         Republic of Palau, dated August 12, 2003 confirming the divorce between Decedent and

19         Ms. Tmercherur. See Response to Court Order (Docket No. 19).

20   10.   A certified copy of the Decedent's death certificate, received by the Plaintiff from the

21         Decedent's sister, Emiliana Melelm lists Ms. Rubasch as the surviving spouse. See Decl.

22         A. Duenas (Docket No. 15) at ¶4 and Exhibit B thereto.

23   11.   Ms. Tmercherur also provided a copy of the death certificate for Decedent that displays

24         no marking of certification and lists Ms. Tmercherur as the surviving spouse. See Decl.

25         A. Duenas (Docket No. 15) at ¶5 and Exhibit C thereto.

26   12.   On March 18, 2005, Ms. Tmercherur appeared in court to dispute the distribution of the

27         Plan benefits to Ms. Rubasch. Ms. Tmercherur claimed that although her marriage under

28         Palau custom had been dissolved, her marriage with the Decedent is still valid in Saipan.

1      When asked about the authenticity of the death certificate, Ms. Tmercherur denied

2      tampering with the documents and claimed Ms. Melelm sent the documents to her. <u>See</u>

3      Minutes March 18, 2005 (Docket No. 17).

4   13.    Due to the lack of certification on the Decedent's death certificate produced by Ms.

5      Tmercherur, along with the remarkable similarity of the document to the certified

6      document provided by Ms. Rubasch, the Court questions the integrity of the death

7      certificate provided by Ms. Tmercherur which listed herself as Decedent's surviving

8      spouse.

9   14.    Based on the documents provided to the court, the Court recognizes the divorce between

10      the Decedent and Ms. Tmercherur, thus leaving Ms. Rubasch as the sole surviving spouse

11      of the Decedent.

12 **RECOMMENDATIONS**

13   15.    The Court hereby recommends that the Decedent's Plan benefits be distributed to

14      Madeline Rubasch.

15   16.    The Court also recommends that the Plaintiff be awarded reasonable attorneys fees and

16      costs incurred by it in bringing this actions. Such amount shall be determined by the

17      District Judge and shall be withheld by the Plaintiff from the distribution to Ms. Rubasch.

18      Dated this _15th_ day of June 2005.

19

20                            JOAQUIN V.E. MANIBUSAN, JR.

21                               U.S. Magistrate Judge

22

23

24               Notice is hereby given that this document was
entered on the docket on _6/15/05_.

25               No separate notice of entry on the docket will
be issued by this Court.

26               Mary L. M. Moran

27               Clerk, District Court of Guam
By_____ 6/15/05

28               Deputy Clerk      Date